## Extension of Second Street in Columbia.

1. A dwelling-house may be removed or demolished in the opening of a road if it be indispensable and the road cannot well be laid elsewhere.

2. When the want of a road would prevent people from getting to market or church or other places where their lawful business or duties require them to meet, a road is *necessary*.

3. The general necessity may be inferred from a favorable report of viewers: but if the road cannot be opened without removing a dwelling-house or an important public building, the necessity for the location of it should appear affirmatively.

4. The mere avoidance of a slight curvature in the road is not such a necessity as will justify the location of a road through a dwelling-house.

5. The principle in question is not designed to apply to the opening of streets in a populous town; the extension in question in this case is an extension of the street beyond the limits of the borough of Columbia.

CERTIORARI to the Court of Quarter Sessions of *Lancaster county*.

At April Sessions, 1852, a petition was presented alleging inconvenience, for want of a public road leading from a point on the lands of Samuel B. Heise, at the end of Second Street in Columbia, thence by the nearest and best route until it intersects the turnpike road leading from Columbia to Marietta, &c., at the point where an extension of said Second Street in its present course would strike the said turnpike in Columbia. The Court appointed viewers, and directed notice to persons interested. To August Sessions, 1852, the viewers reported in favor of a road beginning at a point on the lands of Samuel B. Heise, &c., thence by stated courses to a point where an extension of said Second Street in its present course would strike the turnpike in the said borough, "passing through improved land of Samuel B. Heise, Esq., and lands late of the Misses Bethel, deceased. A draft of which is hereto annexed." It was suggested in the report that fifty feet would be a proper width for the road. The road suggested passed through Heise's *dwelling-house*.

Exceptions were filed. They were overruled and a review was granted; and to April Sessions the reviewers reported to the same effect as the viewers.

Exceptions were filed to the review, which were overruled; and the report of the reviewers was confirmed.

It was assigned for error, 1. That no notice was given to certain persons interested. The 2d and 3d were to the effect that the

road reported ran through the dwelling-house of Samuel B. Heise, and that this could not be done unless there was necessity for it, which was not apparent in this case; and 4th. That the viewers had not regard to the best route doing the least injury to private property.

*Franklin* and *North*, for plaintiff in error.—It was said, that a deflexion from a straight line might be of considerable inconvenience to the public in the case of a *railroad*, 2 *Harris* 241, but it might not be so in the case of an ordinary road. But if the right exists to run a road through a dwelling-house, the power should be restrained to a case of urgent necessity, which ought to appear in the proceedings. The report in question is silent on that point, and no intimation is made in it that the road is contemplated to be run through the dwelling-house; it appears on the draft; yet it does not appear from either the report or the draft that the public necessity requires the removal of the house. The case in 5 *Barr* 101 was referred to.

In support of the proceedings it was stated that the road, as reported, would take off part of an old back building. The road was virtually an extension of a street which ran straight, and the back building in question obstructed the extension. No law expressly prevents the opening of a road through the dwelling-house of an individual; the law contemplates such an injury and provides a mode of obtaining compensation for it. It should not be presumed that without necessity viewers will disturb dwelling-houses; but it should be left to their discretion. Before the Act of 5th April, 1849, a road might be run through a burial ground—no other place is expressly protected. On *the draft*, which has not been furnished, the propriety of the route reported is apparent. Without the draft this Court cannot judge of the matter.

The opinion of the Court was delivered by

BLACK, C. J.—The party who brings this case up complains that he will be injured if the road be opened where the viewers have laid it out, inasmuch as the course which they have indicated in their report runs directly through his dwelling-house. Can a man's house be demolished merely that the public may have the benefit of a highway over the ground? Undoubtedly it may if the road be indispensable and cannot be laid elsewhere. The interests of individuals must yield to an overruling public necessity. But it ought to be avoided if possible, for the sake of the public as well as the owner, since the former must pay for all improvements thus taken, and the latter by being turned out of doors may suffer an inconvenience for which money would hardly be a compensation.

When the want of a road from one given point to another would

[Extension of Second Street in Columbia.]

prevent a portion of the people from getting to market, to church, or to other places where men are in the habit of meeting on their lawful business or in pursuance of their proper duties, the road is necessary. This general necessity may be inferred from a favorable report of the viewers. But if it cannot be opened as laid out without removing a house or other important building, the particular necessity for locating it on that precise line and not elsewhere must be made to appear affirmatively. If another way can be had equally or nearly as useful, it must be adopted, unless the difference in the expense of making it would be considerably greater than the value of the house.

In the present case nothing is gained by running the road through the house except a straight line; and nothing avoided but a curve which would make it a few rods longer. It seems to have been merely the taste of the viewers, and that rather a fastidious one, which made them prefer the one to the other. But the gratification of the eye is not recognised by the law as a necessity strong enough to make a man's dwelling go down.

It is hardly necessary to say that what we have said here does not apply to the opening of new streets in a populous town. This is called "The extension of Second street in Columbia;" but it extends it out into the country, and it is to all intents and purposes a country road.

                                        Proceedings quashed.